34 C.C.P.A. (Patents)

### Application of DeBELL.

### Patent Appeal No. 5221.

Court of Customs and Patent Appeals.

Jan. 7, 1947.

Donald W. Farrington, of Cleveland, Ohio, for appellant.

W. W. Cochran, of Washington, D. C. (James L. Brewrink and R. F. Whitehead, both of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims (Nos. 5, 6, 12, and 15 to 18, inclusive) in appellant's application for a patent for an alleged invention relating to reinforced plastic flooring for aircraft.

Claims 16 and 17 are illustrative of the appealed claims. They read:

"16. A reinforced, molded plastic structure comprising a plane sheet of plastic material, plastic reinforcing members secured to said sheet, high tensile strength reinforcing members in said plastic reinforcing members, extending in the same general direction in a plane substantially parallel to said sheet but spaced from said sheet.

"17. A structural flooring comprising a flat sheet of laminated fabric impregnated and bonded with a resinous compound, laterally positioned spaced apart rib members consisting of channel members having opposite flat sides, and having one side bonded to said sheet and being formed of laminated fabric impregnated with a resinous compound, and a flat metallic perforated strip, molded in the rib member in the side opposite that secured to said sheet."

The references relied upon are: Steinmetz, 1,332,930, March 9, 1920; Kempton, 1,400,078, December 13, 1921; Kemp, 1,469,220, October 2, 1923; Dornier (Br.), 457,369, November 26, 1936; O'Brien, 2,146,758, February 14, 1939.

It appears from appellant's application that his flooring comprises, as stated in quoted claim 17, "a flat sheet of laminated fabric impregnated and bonded with a resinous compound" and "laterally positioned spaced apart * * * channel members having opposite flat sides * * *

formed of laminated fabric impregnated with a resinous compound," one side being bonded to the flat flooring surface and the opposite side, according to quoted claim 17, reinforced by a "flat, metallic perforated strip" molded therein.

It is the purpose of appellant to provide a flooring for aircraft which is light in weight but strong and durable. Appellant states in his application that his flooring may be "composed of a laminated fabric material such as canvas or duck impregnated with a resinous compound preferably phenol formaldehyde;" that the flooring "is provided with laterally spaced apart longitudinal stiffening members integrally bonded to it" and forming hollow tubular channels; that the channels are composed of similar laminated fabric which is impregnated with a resinous compound; and that the channels forming the underneath portion of the flooring contain perforated metallic reinforcing strips in the sides opposite those secured to the flooring surface.

Appellant further states, among other things, that "Properly-designed metallic inserts * * * will permit a reduction in the amount of the tensile area and weight required in a plastic and will provide a more efficient load-carrying structure of higher strength to size and weight ratios. In most designs the inserts need only be used on the tension side as the plastic material generally provides adequate compressive strength."

The patent to Steinmetz relates to improvements in aircraft construction and discloses the making of framework of various portions of planes " * * * by pressing plastic material, for example, papier mâché, reinforced if desired, into proper forms, and when desired incorporating therein strong threads of metal or other material."

The patent to Kempton relates particularly to reinforced tubular elements used in constructing aircraft. The patentee states that he prefers to use "a woven fabric material, such as duck, a matted calendered material, such as paper, or a loosely matted, spinnable, fibrous material, such as cotton batting." The fabric material may be impregnated with a "phenolic condensa-

tion product." The patentee uses as reinforcing elements relatively light wires of steel which, he states, are covered with a fibrous covering which may be impregnated with the same material with which the fibrous sheet is composed.

The patent to Kemp relates to structural elements particularly adapted for airplane construction and discloses structural elements of fibrous material impregnated with a suitable binder. The patentee states that the fibrous material is preferably in sheet form and may be muslin, duck or paper and that the binder is preferably a "phenolic condensation product."

The patent to O'Brien relates to concrete structural units, such as joists, beams and the like, reinforced by metal bars or rods or other forms impregnated therein.

It is unnecessary to refer to the patent to Dornier as it was cited by the Primary Examiner merely as a matter of interest and apparently not relied upon by him in his rejection of the appealed claims.

All of the appealed claims were rejected on the patent to Kemp in view of the disclosure in the patents to Steinmetz and Kempton, and claims 15 and 16 were also rejected on the disclosure in the patent to O'Brien.

We quote from the examiner's statement to the board relative to his rejection of the appealed claims on the patent to Kemp, in view of the patent to Steinmetz and Kempton:

"Kemp discloses a structural laminated body of fibrous material impregnated with a phenolic condensation product, comprising superposed sheets one of which is deformed to provide reinforcing ribs. Kemp in itself therefore meets all recitals excepting "flooring" and the metallic reinforcement. The "flooring" constitutes merely a statement of use and no invention is seen in the broad use of any structural member as a roof, wall, floor or otherwise.

"Reinforcing any member is so common and conventional that it constitutes the obvious manner of overcoming structural deficiencies. This is true regardless of what material is involved. (Note Steinmetz and Kempton which reinforce papier mache and laminated fabric impregnated with a phe-

nolic condensation product respectively.) It is within the purview of any designer to place the reinforcement where it is needed and where it will do the most good. * * * ".

With reference to claims 15 and 16 which were also rejected on the patent to O'Brien, the examiner stated that the patentee disclosed concrete as a plastic substance and that the only distinction between the appealed claims and the disclosure in the patent to O'Brien is in the plastic materials, and that in view of the common substitution "of 'plastic' for other materials and the absence of any unobvious result from such broad substitution in the present case, no invention is seen in these claims over O'Brien."

The Board of Appeals affirmed the decision of the Primary Examiner and with reference to that portion of appellant's specification where it is stated that the perforated metallic inserts are preferably molded into the channels, that is, where the plastic material flows into and completely fills the perforation in the metal inserts, the board stated that "The specification states that by filling the perforations, the metallic inserts are definitely keyed to the plastic material. It appears further that the real problem involved is to eliminate warpage due to unequal coefficients of contraction of the materials. The process to eliminate warpage was covered by original claim 7 which was cancelled after rejection on prior art." The board further concluded that it was only a matter of choice to use a perforated metal plate as a reinforcement.

It is obvious from what has been stated that the prior art discloses the elements called for by the appealed claims. It is argued by counsel for appellant, however, that appellant's flooring has greater strength ratio per unit of weight than any of the prior art disclosures and that as the appealed claims call for "materials and elements combined in a particular way," and that as the structure defined by those claims is commercially successful, the appealed claims are patentable over the references of record.

We are unable to concur in the views expressed by counsel for appellant. On the contrary, we are in accordance with the views expressed by the Primary Examiner that it is common practice, as disclosed in the patents of record, to reinforce plastic materials for the purpose of overcoming structural deficiencies and that invention is not involved in placing the metal reinforcing elements at a point, or points, where they are most needed.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.